IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALMONDNET, INC., and DATONICS LLC<br><br>Plaintiffs,<br><br>v.<br><br>ZETA GLOBAL CORP.; ZETA GLOBAL HOLDINGS CORP.,<br><br>Defendants. | Case No.<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT AGAINST
ZETA GLOBAL CORP. and ZETA GLOBAL HOLDINGS CORP.**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiffs AlmondNet, Inc., and Datonics LLC (collectively, "AlmondNet" or "Plaintiffs") make the following allegations against Defendants Zeta Global Corp. and Zeta Global Holdings Corp. (collectively[1], "Defendants," or "Zeta Global"):

**INTRODUCTION AND PARTIES**

1. This complaint arises from Defendants' unlawful infringement of the following United States patents owned by Plaintiffs, which generally relate to novel internet / network based advertising systems and methods: United States Patent Nos. 10,984,445, 8,200,822, and 10,839,423 (collectively, the "Asserted Patents"). Plaintiffs own all right, title, and interest in the Asserted Patents to file this case.

2. AlmondNet, Inc. is a corporation organized and existing under the laws of the state of Delaware, having its place of business at 37-18 Northern Blvd. Suite 404, Long Island City,

---

[1] The allegations made herein against "Defendants" or "Zeta Global" are to be understood as allegations against both defendants both individually and collectively.

1

NY, 11101. Datonics is a limited liability company organized and existing under the laws of the state of Delaware, having its principal place of business at 37-18 Northern Boulevard, Suite 404, Long Island City, New York 11101. AlmondNet, Inc. and Datonics LLC, are collectively referred herein as the "Plaintiffs."

3. Founded in 1998, AlmondNet has developed an extensive suite of industry-leading targeted advertising solutions and products, is focused on R&D and the licensing of its extensive portfolio of enabling technology and intellectual property covering numerous areas of the targeting landscape and ecosystem, including profile-based bidding, behavioral targeting, online and offline data monetization, addressable advertising, and multi-platform advertising.

4. Datonics is a leading aggregator and distributor of highly granular search, purchase-intent, and life-stage data. Datonics offers data users (including ad networks, ad exchanges, demand side platforms, and publishers) pre-packaged or customized keyword-based "data segments" that can facilitate the delivery of advertisements to consumers wherever they go online, with the ads being focused on subjects relevant to the individual consumer yet delivered in a privacy-sensitive way.

5. Zeta Global Corp. is a corporation organized under the laws of the state of Delaware, with its principal place of business at 3 Park Avenue 33rd Floor, New York, NY 10016. Zeta Global Corp. may be served via its Delaware registered agent Incorporating Services, Ltd. at 3500 S. Dupont Hwy, Dover, DE 19901.

6. Zeta Global Holdings Corp. is a corporation organized under the laws of the state of Delaware, with its principal place of business at 3 Park Avenue 33rd Floor, New York, NY 10016. Zeta Global Holdings Corp. may be served via its Delaware registered agent Incorporating Services, Ltd. at 3500 S. Dupont Hwy, Dover, DE 19901.

**JURISDICTION AND VENUE**

7. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over Defendants in this action because Defendants are incorporated under the laws of the state of Delaware, have committed acts within this District giving rise to this action, and have established minimum contacts with this forum such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice. Defendants, directly and through subsidiaries or intermediaries, have committed and continue to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products and services that infringe the Asserted Patents.

9. Venue is proper in this District because Defendants are incorporated under the laws of the State of Delaware.

**COUNT I**

**INFRINGEMENT OF U.S. PATENT NO. 10,984,445**

10. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as if fully set forth herein.

11. Plaintiffs own all rights, title, and interest in U.S. Patent No. 10,984,445, titled "providing collected profiles to media properties having specified interests," issued on April 20, 2021 ("the '445 patent"). A true and correct copy of the '445 patent is attached as Exhibit 1.

12. On information and belief, Defendants make, use, offer for sale, sell, and/or import the Accused Instrumentalities (including Zeta Marketing Platform or One Platform advertising

platform products and services) that directly infringe, literally and/or under the doctrine of equivalents, one or more method claims of the '445 patent.

13. The infringement of the '445 patent is additionally attributable to Defendants because Defendants direct and control use of the Accused Instrumentalities to perform acts that result in infringement of the '445 patent, conditioning benefits on participation in the infringement and establishing the timing and manner of the infringement.

14. The Accused Instrumentalities perform all claim limitations of one or more method claims of the '445 patent. A claim chart comparing independent method claim 1 of the '445 patent to a representative Accused Instrumentalities is attached as Exhibit 2, which is hereby incorporated by reference in its entirety.

15. By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendants have injured Plaintiffs and is liable for infringement of the '445 patent pursuant to 35 U.S.C. § 271.

16. As a result of Defendants' infringement of the '445 patent, Plaintiffs are entitled to monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

17. Plaintiffs are entitled to past damages for Defendants' infringement of the '445 patent. 35 U.S.C. § 287 does not apply to this case because Plaintiffs have only asserted method claims of the '445 patent.

18. Plaintiffs have suffered and continue to suffer irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law. For example, Datonics has and will continue to suffer this harm by virtue of Defendants' direct infringement of one or

more method claims of the '445 patent. In particular, Datonics' pre-packaged and customized data segment services, which facilitate the delivery of advertisements to consumers wherever they go online, directly competes with components of the Zeta Marketing Platform or Zeta One Platform, such as, e.g., Zeta Data Management, Zeta Messaging, Zeta Activation, LIVE ID Graph, and Zeta Data. For example, Zeta Data and Zeta Activation facilitate the delivery of advertisements to visitor devices, which Zeta has collected from a profile owner computer (such as, e.g., a computer operated by, e.g., Zeta or a Zeta data partner such as Adobe Campaign). *See* Ex. 2. Additionally, Defendants' actions have interfered with and will interfere with Plaintiffs' ability to license technology. The balance of hardships favors Datonics' ability to commercialize its own ideas and technology. The public interest in allowing Datonics to enforce its right to exclude outweighs other public interests. A permanent injunction would not result in depriving the public of the patented invention because consumer need for the patented invention can be met by at least Datonics' product offerings as well as at least one other advertising platform who has taken a license to the '445 Patent.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 8,200,822

19.  Plaintiffs reallege and incorporate by reference the foregoing paragraphs as if fully set forth herein.

20.  Plaintiffs own all rights, title, and interest in U.S. Patent No. 8,200,822, titled "media properties selection method and system based on expected profit from profile-based ad delivery," issued on June 12, 2012 ("the '822 patent"). A true and correct copy of the '822 patent is attached as Exhibit 3.

21. On information and belief, Defendants make, use, offer for sale, sell, and/or import the Accused Instrumentalities (Zeta's computer systems that implement and provide Zeta's Marketing Platform or One Platform, including but not limited to components such as Zeta's DSP and Zeta Activation) that directly infringe, literally and/or under the doctrine of equivalents, one or more method claims of the '822 patent.

22. The infringement of the '822 patent is additionally attributable to Defendants because Defendants direct and control use of the Accused Instrumentalities to perform acts that result in infringement of the '822 patent, conditioning benefits on participation in the infringement and establishing the timing and manner of the infringement.

23. Defendants' infringement has been and is willful. Through at least the filing and service of this Complaint, Defendants have had knowledge of, or were willfully blind to, the '822 patent and that the Accused Instrumentalities infringed. Despite Defendants' knowledge of or willful blindness to the '822 patent at least as a result of the filing and service of this Complaint, Defendants continued and still continue to infringe the '822 patent. In doing so, Defendants knew, or should have known, that their conduct amounted to infringement of the '822 patent. Accordingly, Defendants are liable for willful infringement.

24. The Accused Instrumentalities perform all claim limitations of one or more method claims of the '822 patent. A claim chart comparing independent method claim 1 of the '822 patent to a representative Accused Instrumentalities is attached as Exhibit 4, which is hereby incorporated by reference in its entirety.

25. By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendants have injured Plaintiffs and is liable for infringement of the '822 patent pursuant to 35 U.S.C. § 271.

26. As a result of Defendants' infringement of the '822 patent, Plaintiffs are entitled to monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

27. Plaintiffs are entitled to past damages for Defendants' infringement of the '822 patent. 35 U.S.C. § 287 does not apply to this case because Plaintiffs have only asserted method claims of the '822 patent.

28. Defendants' infringing activities have injured and will continue to injure Plaintiffs, unless and until this Court enters an injunction prohibiting further infringement of the '822 patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 10,839,423

29. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as if fully set forth herein.

30. Plaintiffs own all rights, title, and interest in U.S. Patent No. 10,839,423, titled "condition-based method of directing electronic advertisements for display in ad space within streaming video based on website visits," issued on November 17, 2020 ("the '423 patent"). A true and correct copy of the '423 patent is attached as Exhibit 5.

31. On information and belief, Defendants make, use, offer for sale, sell, and/or import the Accused Instrumentalities (Zeta's computer systems that implement and provide Zeta's Marketing Platform or One Platform, including but not limited to components such as Zeta's DSP

and Zeta Activation) that directly infringe, literally and/or under the doctrine of equivalents, one or more method claims of the '423 patent.

32. The infringement of the '423 patent is additionally attributable to Defendants because Defendants direct and control use of the Accused Instrumentalities to perform acts that result in infringement of the '423 patent, conditioning benefits on participation in the infringement and establishing the timing and manner of the infringement.

33. Defendants' infringement has been and is willful. Through at least the filing and service of this Complaint, Defendants have had knowledge of, or were willfully blind to, the '423 patent and that the Accused Instrumentalities infringed. Despite Defendants' knowledge of or willful blindness to the '423 patent at least as a result of the filing and service of this Complaint, Defendants continued and still continue to infringe the '423 patent. In doing so, Defendants knew, or should have known, that their conduct amounted to infringement of the '423 patent. Accordingly, Defendants are liable for willful infringement.

34. The Accused Instrumentalities perform all claim limitations of one or more method claims of the '423 patent. A claim chart comparing independent method claim 1 of the '423 patent to a representative Accused Instrumentalities is attached as Exhibit 6, which is hereby incorporated by reference in its entirety.

35. By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendants have injured Plaintiffs and is liable for infringement of the '423 patent pursuant to 35 U.S.C. § 271.

36. As a result of Defendants' infringement of the '423 patent, Plaintiffs are entitled to monetary damages in an amount adequate to compensate for Defendants' infringement, but in no

event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

37. Plaintiffs are entitled to past damages for Defendants' infringement of the '423 patent. 35 U.S.C. § 287 does not apply to this case because Plaintiffs have only asserted method claims of the '423 patent.

38. Defendants' infringing activities have injured and will continue to injure Plaintiffs, unless and until this Court enters an injunction prohibiting further infringement of the '423 patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter:

a. A judgment in favor of Plaintiffs that Defendants have infringed, either literally and/or under the doctrine of equivalents, each of the Asserted Patents;

b. A judgment in favor of Plaintiffs finding post-suit willful infringement as to the Asserted Patents;

c. A permanent injunction prohibiting Defendants from further acts of infringement of the Asserted Patents;

d. A judgment and order requiring Defendants to pay Plaintiffs their damages, costs, expenses, and pre-judgment and post-judgment interest for Defendants' infringement of the Asserted Patents;

e. A judgment and order requiring Defendants to provide an accounting and to pay supplemental damages to Plaintiffs, including without limitation, pre-judgment and post-judgment interest;

  f. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiffs their reasonable attorneys' fees against Defendant; and

  g. Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiffs, under Rule 38 of the Federal Rules of Civil Procedure, request a trial by jury of any issues so triable by right.

Dated: May 9, 2025           Respectfully submitted,

Of Counsel:              FARNAN LLP

| | |
|---|---|
| Reza Mirzaie | */s/ Michael J. Farnan* |
| Marc A. Fenster | Brian E. Farnan (Bar No. 4089) |
| Brian D. Ledahl | Michael J. Farnan (Bar No. 5165) |
| Adam S. Hoffman | 919 North Market Street, 12th Floor |
| James A. Milkey | Wilmington, DE 19801 |
| Philip X. Wang | (302) 777-0300 |
| James Tsuei | bfarnan@farnanlaw.com |
| Jonathan Ma | mfarnan@farnanlaw.com |
| Joshua M. Scheufler | |
| Daniel B. Kolko | *Attorneys for Plaintiffs* |
| RUSS AUGUST & KABAT | |
| 12424 Wilshire Boulevard 12th Floor | |
| Los Angeles, California 90025 | |
| Tel: 310-826-7474 | |
| Fax: 310-826-6991 | |
| rmirzaie@raklaw.com | |
| mfenster@raklaw.com | |
| bledahl@raklaw.com | |
| ahoffman@raklaw.com | |
| jmilkey@raklaw.com | |
| pwang@raklaw.com | |
| jtsuei@raklaw.com | |
| jma@raklaw.com | |
| jscheufler@raklaw.com | |
| dkolko@raklaw.com | |